Exh. A

THE STATE OF LOUISIANA          Twenty-Fourth Judicial
                                                                                        Parish of Jefferson

RAYMOND A RIEGO W / M (11/04/1972)

On the **31** day of **May**, **2012** the Grand Jurors of the State of Louisiana, duly impaneled and sworn, in and for the body of the PARISH OF JEFFERSON, in the name and by the authority of the said State, upon their Oath, present: That one

                           **RAYMOND A. RIEGO, JR.** (Jail)

late of the Parish of Jefferson, on or between January 26th and January 27th in the year of our Lord, Two Thousand Twelve with force of arms, in the parish aforesaid, and within the jurisdiction of the Twenty-Fourth Judicial District Court of Louisiana, in and for the Parish aforesaid, violated La R.S. 14:30.1 in that he did commit the second degree murder of a Known Juvenile (DOB 10/29/2011),

contrary to the form and Statute of the State of Louisiana, and against the peace and dignity of the State.

                                                          Sunny D. Funk
                                                          Assistant District Attorney

> A true bill
> *Paul Tusa*
> Foreperson of the Grand Jury,
> Parish of Jefferson

---

Indictment for: Class 2   051-173059

| Cnt | Def | Arrest Track | Item Num | Statute | Cls | Description |
|---|---|---|---|---|---|---|
| 1 | Raymond Riego | 21200019 | A2901112 | 14:30.1 | 2 | Murder/Second Degree |

Filed: May 31, 2012        Deputy Clerk:

12-1010

# TWENTY FOURTH JUDICIAL DISTRICT COURT
## GRAND JURY

| | |
|---|---|
| Judge: Ross P. LaDart    Division "O" | Date: May 31, 2012<br>Court Reporter Susan Stentz |

Partial return of the Jefferson Parish Grand Jury.

Present were:

    Foreperson -    Macel Tusa
    Alt Foreperson -    Maria Lavergne
                         Jill Jeskin Linge
                         Alberto Delcid
                         Jeanne Antoine
                         Lynn Hurst Hebert
                         Patrick Derbes
                         Jessica Farrell
                         Doris Duckett
                         David Austin
                         Melanie Gaylor Turner
                         Ronald Drez III

    Absent were:   none

After being sworn in and taking the stand, the following report was made by the foreperson, Macel Tusa.

Representing the District Attorney's Office was Assistant District Attorney Sunny Funk.

**RAYMOND A. RIEGO, JR.   W/M   DOB 11/4/1972**
Indictment filed "A TRUE BILL" for the following charges:

R.S. 14:30.1 Second Degree Murder
He is presently incarcerated at the Jefferson Parish Correctional Center. He is being held on a bond in the amount of $1,000,000.00. This was acceptable to the State.


IT IS ORDERED BY THE COURT that the findings of the Grand Jury of this partial return be filed with the Clerk of Court and the accused for whom "A True Bill" was found be brought into the Court to be arraigned, if the accused for whom "A True Bill" was found is not in custody, let a warrant be issued for their arrest. Those for whom "A No True Bill" was returned, their bond(s) is (are) cancelled, if any, and they are to be released from custody if incarcerated.

                                                                James L. Marvin, Deputy Clerk

NARRATIVE

Time Stamp: 04/18/2012 16:43        Written By: CHRISTOPHER VADO

ON JANUARY 27, 2012 AT APPROXIMATELY 0615 HOURS, I RESPONDED TO A 24 ROLL LOCATED AT 2809 ANNETTE DR. IN MARRERO. HEADQUARTERS ADVISED A THREE MONTH OLD INFANT AT THE LOCATION APPEARED TO BE GASPING FOR AIR.

UPON ARRIVAL I MET WITH EMS UNIT WJ3 WHO WAS IN THE PROCESS OF TREATING THE INFANT FOR BREATHING ISSUES. THE INFANT WAS TRANSPORTED TO WEST JEFFERSON HOSPITAL IN WHAT APPEARED TO BE STABLE CONDITION.

NO REPORT WAS WRITTEN AT TIME IF INCIDENT AS I DID NOT RECOGNIZE THIS TO BE ANYTHING OTHER THAN A MEDICAL ROLL. THE PARAMEDICS ON SCENE ALSO BELIEVED THE INFANT APPEARED TO BE IN STABLE CONDITION AT TIME OF INCIDENT. NO OBVIOUS SIGNS OF FOUL PLAY OR TRAUMA WAS EVIDENT AT TIME OF INCIDENT BY MYSELF OF THE PARAMEDICS.

A-27296-12

③ EXh. C

| Victim: | District: | Rep. Area: | Item: |
|---|---|---|---|
| Madison Hughes | 3rd | 3506 | A-29011-12 |

On January 28, 2012, the Jefferson Parish Sheriff's Office was notified that Madison had suffered from non-accidental trauma to head. JPSO Homicide Division responded to the incident, where they came into contact with Raymond Riego, farther of Madison. Detectives interviewed Raymond on January 28, 2012, at which time he denied causing the injuries to Madison.

On January 30, 2012, at approximately 1607 hours Madison died from head injuries. On January 31, 2012, an autopsy was performed on Madison, which revealed that Madison's suffered from non-accidental trauma to the brain consistent with shaking baby syndrome.

Detectives interviewed Raymond again, after confronting him about Madison's injuries; Raymond admitted to Detectives that he caused Madison's injuries that resulted in her death. Raymond confessed to shaking Madison several times, and only confessed after being confronted with findings at autopsy. At no time after Raymond shook Madison did he attempt to get medical attention for Madison or alert any of family members that were in the house at the time of the incident. Instead, Raymond laid Madison down on the bed like nothing had happen and allowed her to suffer from her injuries.

Due facts and circumstances of this investigation and the arrest of Raymond Riego, Detective Eserman considers the case closed.

**Attachments:**

Four (4) transcriptions of Raymond Riego's taped statements
Two (2) transcription of Darlene Hughes' taped statements
Three (3) transcription of Brandic Hughes' taped statements
One (1) transcription of Blane Cadiere's taped statement
One (1) transcription of Robert Huges' taped statement
Two (2) probable cause affidavit for Raymond Riego

| Reporting Officer: | Supervisor's Approval: | Page: |
|---|---|---|
| Detective Travis Eserman, J16025 | Sergeant Eddie Klein, 102095 | 16 of 17 |

07/06/2012

DOC NO. 0021

Exh. D

# Application For Writs

# No. 14-K-371

## COURT OF APPEAL, FIFTH CIRCUIT

## STATE OF LOUISIANA

MAY 19, 2014

_Susan Buchholz_
Deputy Clerk

**STATE OF LOUISIANA**
**VERSUS**
**RAYMOND RIEGO**

IN RE RAYMOND RIEGO

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE STEPHEN D. ENRIGHT, JR., DIVISION "N", NUMBER 12-1010

**Attorneys for Relator:**

Raymond Riego
Jefferson Parish Correctional Center
P. O. Box 388
Gretna, LA 70054

**Attorneys for Respondent:**

Terry M. Boudreaux
Assistant District Attorney
200 Derbigny Street
Gretna, LA 70053
(504) 368-1020

**WRIT DENIED**

(See Attached)

Gretna, Louisiana, this _4th_ day of June, 2014.



| | |
|---|---|
| STATE OF LOUISIANA | NO. 14-K-371 |
| VERSUS | FIFTH CIRCUIT |
| RAYMOND RIEGO | COURT OF APPEAL |
| | STATE OF LOUISIANA |

**WRIT DENIED**

In this writ application, relator seeks review of the trial court's denial of his *pro se* motion to quash his indictment for second degree murder. On May 12, 2014, the trial judge refused to consider the *pro se* motion because "defendant is represented by counsel." We note that a substantially-similar counseled motion to quash was denied on August 2, 2012.

"While an indigent defendant has a right to counsel as well as the opposite right to represent himself, he has no constitutional right to be both represented and representative." *State v. McCabe*, 420 So.2d 955, 958 (La. 1982) (*citing State v. Bodley*, 394 So.2d 584, 593 (La. 1981)). Further, a trial court need not even entertain *pro se* motions when a defendant is represented by counsel and entertaining the motions will lead to confusion at trial. *State v. Holmes*, 06-2988 (La. 12/2/08), 5 So.3d 42, 94. We find no error in the trial court's refusal to entertain this repetitive motion. This writ is hereby denied.

Gretna, Louisiana, this 4th day of June, 2014.

_____
CHIEF JUDGE SUSAN M. CHEHARDY

_____
JUDGE JUDE G. GRAVOIS

_____
JUDGE ROBERT M. MURPHY

A TRUE COPY
GRETNA

JUN 0 4 2014

_____
DEPUTY CLERK
COURT OF APPEAL, FIFTH CIRCUIT

24th Judicial District Court
for the Parish of Jefferson
State of Louisiana

Case: 12-1010
Div. "N"

State Of Louisiana
Versus
Raymond A Riego Jr

Deputy _____

TENDERED FOR FILING
AUG - 6 2014
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## Motion To Quash

Now Comes to court, Raymond Riego moves for Motion to Quash for the following Reasons C.Cr.P. 532 C.Cr.P. Art 487 Defective Indictment C.Cr.P. Art 468 Date and Time C.Cr.P. Art 464 Nature and Contents of Indictment, C.Cr.P. R.S. 14:30.1 2nd Degree Murder Intentions The Elements of Offense, C.Cr.P. Art 719 Report of Examination grade prescription of Offense Is a Negligent Homicide In State V. Hopper 251, LA. 77, 203 so. 2d. 222 (1967) Court stated that the Trail Judge was not required to Instruct on the law of Negligent Homicide and Criminal Negligence Because, Negligent Homicide was not a Responsive Verdict Under The Indictment on the Other Hand In State V. Mart 352 sa 2d. 678 (LA. 1977) After Reversing A Second Degree Murder Conviction on Grounds state that On Retrial an Instruction on Negligent Homicide Should Be Given In This Case 12-1010

State V. Raymond Riego Victim Suffered from Baby Shaking Syndrome
Admitted In the Hospital on 1-27-12 Died on 1-30-12 ⟶ Bill of Information Filed

Alleged In Between 1-26-12, 1-27-12, he did Committ Second Degree Murder

Intent for the Charge Murder State V. Mart 352, so.2d. 678 La 1977 See Also State V. Lentz 306 so.2d 683 La. 1975, State V. Montal Bono 257 La 884 244 so.2d 820 (1971) In State V. Marse 365 so. 2d. 1319 If Marse was guilty of the Charge Offense c.f. Henderson V. Kibb 431 U.S. 145, 97 S.C.t. 1730 52 Ed.2d. 203 (1977)

## Argument

In this Case 12-1010 State V. Raymond Riego Is Based on Legal Finding → Factual Basis See Attached Exh. (F) Item A-27296-12 Report Dated 1-27-12 On January 27, 2012 at Approximately 0615 Hours, Ems WJ3 Transported to Hospital, In Appeared to be Stable Condition No signs of foul Play or Trauma was Evident At Time of Incident, See Attached Exh.-D Indicment A True Bill Filed 5-31-12, On or Between, January 26 or 27 Violated R.S. 14:30.1 In that he did Committ Second Degree Murder of A Known Juvenile, See Exh.-E Item A-29011-12 Investigor Report, On January 30, 12 Approximately 1607 Hours Madison died from Head Injures See C.Cr.p 487, 468, 464, 532, Defective Bill of Information The Motion to quash Essentially A

Mechanism By ~~which~~ which to Raises pretrial Pleas or Defenses those matters Which do not go to The merits of the Charge State V. Beauchamp 510 so.2d 22, 25 (LA App 1 cir) Writ denied 512 so.2d. 1176

## Conclusion

The Legal finding In this Case 12-1010 State V. Raymond Riego is factual Basis Victim was still Living on January 26 and 27 2012

Legal finding A Trial Court are Subject to DeNovo Standing of Review State V. Hunt 09-1589 (LA. 12-1-09) 25, so.2d. 746, 751

Defendent Moves for Quash for the following Reason C.Cr.p. Art 487, 468, 464, 532, Additionally with A copie of Quash Hearing Transcripts at No Cost.

Raymond Riego
#781821110
P.O. Box 388
Gretna, La 70053

Eastern District Court
Clerk Of Court
500 Camp Street
New Orleans, Louisiana 70130