```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

RAYMOND A. RIEGO, JR.                              CIVIL ACTION

VERSUS                                             NO: 14-1804

NEWELL NORMAN, SHERIFF                             SECTION: R(5)
JEFFERSON PARISH

## ORDER AND REASONS

Before the Court is Raymond Riego's petition for federal habeas corpus relief under 28 U.S.C. § 2241. Petitioner is a pretrial detainee awaiting trial in Louisiana state court for one count of second-degree murder. Petitioner asks this Court to dismiss the state criminal proceedings because of an alleged defect in the state's bill of information. Specifically, petitioner contends that the bill of information is defective because it contains the wrong date for the alleged murder.[1]

Petitioner's challenge to the validity of the pending state criminal charges is not cognizable under 28 U.S.C. § 2241. Absent "special circumstances," federal habeas corpus is not available to pre-trial detainees seeking dismissal of state criminal proceedings. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973) (holding that federal habeas proceedings do not allow "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court"). In other words, "a federal court may generally consider a habeas

---

[1] R. Doc. 1 at 7.

petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988). Here, petitioner seeks dismissal of the state court proceedings and fails to identify any "special circumstances" to warrant disruption of the state's judicial process.[2] Thus, the relief petitioner requests is simply not available in this proceeding.

To the extent that petitioner seeks alternative relief, the Court is bound by the Louisiana Supreme Court's determination that the indictment is proper. The sufficiency of a state indictment is not grounds for federal habeas relief unless it can be shown that the indictment is so defective that the state court lacks jurisdiction. *Rick v. Cain*, CIV. A. No. 12-1617, 2013 WL 6388641, at *9 (E.D. La. Dec. 4, 2013) (citing *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984)). This determination "can be made *only* by looking to the law of the state where the indictment was issued." *Liner*, 731 F.2d at 1203 (emphasis in original). Thus, a federal court will not consider such a claim when the highest court of the state has addressed the sufficiency of the indictment and finds that the trial court has jurisdiction. *Evans v. Cain*, 577

---

[2] In his petition, Riego asks the Court to (1) prevent the state from prosecuting him for second-degree murder, (2) release him from custody, and (3) instruct the state court to quash the indictment. R. Doc. 1 at 8.

F.3d 620, 624 (5th Cir. 2009) ("[W]hen it appears . . . that the sufficiency of the indictment was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case, then the question as to whether a state trial court was deprived of jurisdiction . . . [is] foreclosed to a federal habeas court.") (internal quotations omitted). Here, the Louisiana Supreme Court denied petitioner's *pro se* challenge to the indictment.[3] The Louisiana Supreme Court's determination precludes this Court from considering petitioner's argument.

    For the foregoing reasons, petitioner's habeas corpus petition filed under 28 U.S.C. § 2241 is DENIED. Additionally, because petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

    New Orleans, Louisiana, this __19th__ day of December, 2014.

                     _____Sarah Vance_____
                           SARAH S. VANCE
                  UNITED STATES DISTRICT JUDGE

---

[3] R. Doc. 11-1.